■ BERTHA AYOTTE et al., Appellants, v. BOARD OF EDUCATION OF THE PLATTSBURGH CITY SCHOOL DISTRICT, Respondent.— Appeal from orders of the Supreme Court, Clinton County, denying a motion for permission to file an amended notice of claim and denying a motion for reargument. The appellant Bertha Ayotte is alleged to have sustained injuries in a fall on a stairway in a building owned by the respondent Board of Education on June 28, 1958. On July 8, 1958 her son reported the accident to a Mrs. Goff, the secretary to the Superintendent of Schools. He did this orally giving her his mother's name, address, the place of the accident, the nature of injuries as bruises and the name of the doctor to whom his mother was taken after the accident. This information was written down by Mrs. Goff who notified the respondent's insurance carrier. The accident was investigated by the insurer and its representative called on Mrs. Ayotte but did not find her home and left his card. Mrs Ayotte then contacted the investigator who was to call on her again but never did. Sometime thereafter Mrs. Ayotte's son was informed that the insurance company was not going to pay anything. In February, 1959 the appellant moved to amend the notice of claim which was alleged to have been served on July 8, 1958. The court below denied the motion holding that the papers did not reveal that any actual written notice of claim was served. On the motion for reargument the court stated that the information given to Mrs. Goff was at best a report of an accident and held that neither the existence of a written notice of claim nor service on a proper party was demonstrated. As a condition precedent to suit against a municipal corporation such as the respondent a written notice of claim must be served within 90 days after the accident in accordance with section 50-e of the General Municipal Law. Subdivision 6 of section 50-e provides that mistakes or irregularities in a notice of claim which do not pertain to the manner or time of service may be corrected, supplied or disregarded. Here the irregularities clearly evolve from the manner of service and the difficulty with the appellants' position is the lack of a notice of claim which could be amended. A primary requisite is that the claim be in writing and the oral accident report certainly falls short of this. The appellants cite no case in which an oral notice of claim has ever been sustained. Even this oral accident report gave no indication that it was a claim or that the appellants intended to file a claim. In addition the notice of claim must be served on a member of the board of education, a trustee or the clerk. Not only was there no service here, there being nothing in writing to serve, but further the person to whom the alleged notice was given was not a proper person to receive service. While this result may seem harsh since an investigation was made by the respondent's insurer shortly after the accident, nevertheless, there has been such a complete failure to follow the statutory requirements that it is not possible to hold that a proper notice of claim was served. Orders unanimously affirmed, without costs.